UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
(EASTERN DIVISION)

| | |
|---|---|
| BECKWOOD CORP. | ) |
|       Plaintiff, | ) |
| v. | ) |
| PERFORMANCE FRICTION CORP. | ) Cause No. |
| Service Address: | ) |
| *Donald L. Burgoon, Registered Agent*<br>*83 Carbon Metallic Hwy*<br>*Clover, SC 29710* | ) |
|       Defendant. | ) |

## COMPLAINT

Plaintiff Beckwood Corporation, by and through its undersigned counsel of record, and in support of its Complaint for Breach of Contract against Performance Friction Corporation, states the following:

### THE PARTIES AND JURISDICTION

1. The Beckwood Corporation ("Beckwood") is a corporation, organized and existing under the laws of the State of Missouri, with its principal place of business located at 2086 Fenton Logistics Park, Fenton, MO 63026.

2. Beckwood is a citizen of the State of Missouri, whose primary business is in providing its customers with the manufacturing equipment and systems they need to produce products.

12821796.3

3. Performance Friction Corporation ("Defendant") is a corporation, organized and existing under the laws of the State of South Carolina with its principal place of business located at 83 Carbon Metallic Hwy, Clover, South Carolina 29710.

4. Defendant is a citizen of the State of South Carolina, and Defendant's primary business is the manufacture of brake pads and related components.

5. Pursuant to 28 U.S.C. § 1332 (a)(1), this Court has jurisdiction over this matter because there is complete diversity between Beckwood, a Missouri citizen, and Defendant, a South Carolina citizen, and the matter in controversy exceeds $75,000 exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant as Defendant entered into a contract with Beckwood in Missouri, directed the design and testing of the equipment in Missouri, and contractually consented to the resolution of any suit or litigation related to the contract in this Court.

7. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because a substantial part of the events and omissions giving rise to this claim occurred in this venue, and because Defendant contractually consented to the resolution of claims relating to its agreement with Beckwood in this district and Court.

**FACTS COMMON TO ALL COUNTS**

8. On or about December 21, 2017, Beckwood provided Defendant with Beckwood's Automated Brake Pad Cell Quotation No. GC083117Arev7, dated December 21, 2017, ("Beckwood's Quotation") relating to the design and manufacture of three custom automated brake manufacturing cells (the "Custom Brake Pad Manufacturing Cells" or "Cells")

pursuant to Defendant's specifications, supervision, and approval. *A true and accurate copy of Beckwood's Quotation is attached hereto as Exhibit A.*

9. On or about December 21, 2017, Defendant transmitted its Purchase order No. 841796 ("Defendant's PO") to Beckwood, by which Defendant accepted Beckwood's Quotation and agreed to pay for the goods and services described therein. *A true and accurate copy of Defendant's PO is attached hereto as Exhibit B.*

10. By accepting Beckwood's Quotation, the terms and conditions of Defendant's PO were specifically limited to Beckwood's terms and conditions pursuant to language in Beckwood's Quotation which stated, in pertinent part:

> Only those terms and conditions set forth or incorporated herein shall be binding on Buyer [Defendant] and Seller [Beckwood]. Acceptance of this Quotation is expressly conditioned on acceptance of the terms and conditions herein…terms and conditions contained in a purchase order, or accompanying payment for delivery of the equipment specified herein, which are different from or in addition to these Terms and Conditions of Sale shall not be binding on Seller, whether or not they would materially alter this Quotation and whether or not Seller expressly objects thereto.

11. Defendant's PO explicitly indicated that it was in in reference to "Quote: GC083117Arev7."

12. Beckwood's terms and conditions are therefore part of the parties' contract (the "Agreement").

13. The Agreement specifies that prior to beginning manufacturing of any equipment, Beckwood was to conduct a "discovery phase," during which time Defendant would provide Beckwood with the technical requirements of the brake pad manufacturing process in order to identify high-risk portions of the project and to perform proof-of-concept bench testing prior to the investment of substantial resources in the manufacturing process.

3

14. Per the terms of the Agreement, Defendant had the right to witness the testing at Beckwood's facilities.

15. The agreement provided an option for Defendant to terminate the Agreement at the conclusion of the "discovery phase" if it became apparent that Defendant's products could not be produced using the methods proposed by Defendant and tested by Beckwood.

16. At the conclusion of the "discovery phase," Defendant approved and authorized the manufacture of three Custom Brake Pad Manufacturing Cells.

17. Beckwood manufactured and Defendant paid for and accepted the first two Custom Brake Pad Manufacturing Cells pursuant to the Agreement.

18. Pursuant to the agreement, Beckwood provided and continues to provide on-site support for the first two Custom Brake Pad Manufacturing Cells at the Defendant's facilities, and both are in good and working order.

19. Also pursuant to the Agreement, Defendant has made three payments to Beckwood subsequent to Defendant's acceptance of the first two Custom Brake Pad Manufacturing Cells, two of which are attributable to the costs of constructing the third Cell.

20. Beckwood completed the construction of the third Custom Brake Pad Manufacturing Cell and tendered it to defendant on December 13, 2019, triggering Defendant's obligation to make payment of $312,360.00 to Beckwood and to provide shipping information for delivery of the third Cell.

21. Notwithstanding its obligations under the Agreement and without legal justification or cause, Defendant refused to make payment or to accept delivery of the third Cell.

22. Beckwood has incurred costs, including but not limited to storage costs and attorneys' fees, as a direct result of Defendant's unlawful actions.

23. On December 18, 2019, Beckwood provided a written demand for Defendant to tender payment pursuant to the Agreement and provide the necessary shipping information. *A copy of Beckwood's demand letter is attached hereto as* Exhibit C.

24. As of the filing of this Complaint, Defendant has refused to pay or provide shipping information to Beckwood.

## COUNT I

### (Breach of Contract)

25. Beckwood incorporates by reference the allegations set forth in paragraphs 1-24 of this Complaint as if fully set forth herein.

26. Beckwood and Defendant had a valid and binding contract for the manufacture and delivery of the Custom Brake Pad Manufacturing Cells in accordance with certain contractual requirements and specifications.

27. At all times relevant hereto, Beckwood performed all obligations under the parties' contract.

28. Defendant was contractually obligated to supply Beckwood with conforming shipping information and payment for the third Custom Brake Pad Manufacturing Cell.

29. Beckwood's Quote and Defendant's PO clearly show the required payment schedule and other obligations that form the basis of the parties' contract. *See Exhibits A and B*.

30. Beckwood met its obligations under the parties' contract.

31. Defendant failed and refused to meet its obligations under the parties' contract.

32. Because of such failure, Defendant's contractual obligations were not performed and Defendant breached the contract.

33. As a result of Defendant's breach, Beckwood has been damaged and incurred damages within the meaning of Mo. Rev. Stat. 400.2-715 in an amount in excess of $400,000 to be proven at trial.

WHEREFORE, Plaintiff Beckwood Corporation respectfully requests this Court enter an Order, entering judgment in its favor and against Defendant on Count I in an amount in excess of $400,000 to be proven at trial, pre-judgment and post-judgment interest and attorneys' fees as awardable under applicable law, and for such other and further relief as this Honorable Court deems just and proper under the circumstances.

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ M. Quinn Murphy*
M. Quinn Murphy, #53832 MO
David A. Weber, #70409MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail:  qmurphy@sandbergphoenix.com
E-mail:  dweber@sandbergphoenix.com

*Attorneys for Plaintiff Beckwood Corporation*

12821796.3